**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:      Julian Villegas v. The State of Texas

Appellate case number:   01-17-00109-CR

Trial court case number:  1531887

Trial court:                    248th District Court of Harris County

The complete record was filed in the above-referenced appeal on April 16, 2017, making appellant's brief due on May 17, 2017. *See* TEX. R. APP. P. 38.6(a). On May 24, 2017, the Clerk of the Court notified appellant's appointed counsel, E. Chevo Pastrano, that a brief had not been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). Appellant's counsel filed a motion on June 9, 2017 requesting a sixty-day extension to file appellant's brief. The motion was granted and the deadline was extended to July 17, 2017. After appellant counsel failed to file a brief, another late brief notice was sent on July 25, 2017. Appellant's counsel then requested a second extension on August 3, 2017 requesting an additional 30 day extension. This court granted an extension to August 16, 2017 with no further extensions absent extraordinary circumstances. On December 3, 2017, appellant's counsel filed a third extension requesting an additional 30 days to November 2, 2017. The court granted an extension to October 20, 2017 with no further extensions. Appellant's counsel again failed to file a brief and another late brief notice was sent on October 25, 2017. Appellant's counsel failed to respond to the notice and has not filed a brief on appellant's behalf.

We abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, E. Chevo Pastrano, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if incarcerated, he may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) determine whether appellant still wishes to pursue this appeal;
2) if appellant wishes to pursue this appeal, determine whether good cause exists to relieve E. Chevo Pastrano of his duties as appellant's counsel;
   a. if good cause exists to remove counsel, the trial court shall enter a written order relieving E. Chevo Pastrano of his duties as appellant's counsel, including in the order the basis for finding good cause for his removal, and appoint substitute appellate counsel, at no expense to appellant;
   b. if good cause does not exist to remove counsel, the trial court shall provide a final deadline by which E. Chevo Pastrano must file appellant's brief, which shall be no more than **30 days** from the date of the hearing;
3) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and
4) make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The court coordinator of the trial court shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within **30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within **30 days** of the date of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Harvey Brown
                              Acting individually

Date: February 15, 2018